# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ANTOWAINE WILBURN,

Petitioner,

v.

STATE OF WASHINGTON,

Respondent.

NO. C11-1468-JCC-JPD

REPORT AND RECOMMENDATION

*Pro se* petitioner Antowaine Wilburn filed an application to proceed *in forma pauperis* ("IFP") and a proposed 28 U.S.C. § 2241 habeas petition. Mr. Wilburn alleges that City of Bellevue police officers—who are neither detaining Mr. Wilburn nor are named as respondents in this action—improperly seized $14,000 in relation to charges against him that were dropped. (Dkt. 1-1, at 3; Dkt. 8.) The Court recommends DENYING the habeas petition, whether reviewed under 28 U.S.C. § 2241 or § 2254, and DISMISSING this matter with prejudice for lack of subject-matter jurisdiction and, alternatively, without prejudice for failure to exhaust state-court remedies. The Court recommends STRIKING the IFP application (Dkt. 8) as moot. The Court also recommends DENYING the issuance of a certificate of appealability ("COA") with respect to a § 2254 habeas petition and to the extent it is required for a § 2241 habeas petition.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Whether construed under § 2241 or § 2254, Mr. Wilburn's habeas petition contains two fatal defects: (1) there is no federal habeas jurisdiction over his allegations; and (2) failure to exhaust state-court remedies prior to seeking federal habeas review.

**I.  Subject Matter Jurisdiction**

The Court must raise the question of subject-matter jurisdiction *sua sponte*. *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). A petitioner must be in custody in order to challenge his detention. *See* 28 U.S.C. §§ 2241(c), 2254(a). "[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (per curiam) (quoting *Jones v Cunningham*, 371 U.S. 236, 240 (1963)); *see also Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the petition. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). A petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, merely because the prior conviction will be used to enhance the sentence imposed for a subsequent conviction. *Id.* at 493.

Although Mr. Wilburn is a state prisoner, he challenges neither the execution of his sentence under § 2241, nor his state-court conviction under § 2254. Mr. Wilburn alleges that non-parties to this lawsuit—Bellevue police officers—took $14,000 in relation to criminal charges that were never brought and seeks his money back. (Dkt. 1-1, at 3.) Mr. Wilburn is not here challenging his detention, and he is not "in custody" for what he *is* challenging (the unlawful seizure of his money). Although Mr. Wilburn suggests that the $14,000 was taken under a King County Case Number 09-1-01799-5 (information filed Mar. 30, 2009), this allegation is contradicted by his own factual statement and the attached letter from criminal defense counsel. According to Mr. Wilburn and criminal defense counsel, there is no court

case number related to the seizure of the money because no charge was ever filed. (Dkt. 1-1, at 3, 8.) Further, there is no suggestion from the publicly available docket that $14,000 was seized from Mr. Wilburn under the King County cause number. *See State v. Wilburn*, King County Case No. 09-1-01799-5, *located at* http://dw.courts.wa.gov (last accessed Oct. 14, 2011).

Mr. Wilburn does not challenge his present detention and is not "in custody" for what he *does* challenge, the seizure of $14,000. The Court therefore lacks subject matter jurisdiction over this petition, whether construed under 28 U.S.C. § 2241 or § 2254.

## II.     Failure to Exhaust

To satisfy the standard for exhaustion of state-court remedies prior to filing a federal habeas action, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review"). Although, unlike § 2254, § 2241 does not specifically require a habeas petitioner to exhaust available judicial remedies before seeking relief, such exhaustion is still required as a prudential matter under § 2241. *See Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004).

Mr. Wilburn's allegations do not suggest that he has ever attempted to exhaust state-court remedies. His King County criminal conviction became final in June 2011, and he did not appeal that conviction. (Dkt. 1-1, at 2); *Wilburn*, King County Case No. 09-1-01799-5 (entry dated June 24, 2011). Mr. Wilburn does not allege that he has attempted in state court or through administrative procedures to recover his seized $14,000 from the Bellevue Police Department.

Mr. Wilburn has failed to exhaust state-court remedies with respect to his allegations.

REPORT AND RECOMMENDATION - 3

### III. Certificate of Appealability

If the district court adopts the Report and Recommendation, it must determine whether a COA should issue to the extent the petition is brought under § 2254. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends that Mr. Wilburn not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claim or would conclude that the issue presented deserves encouragement to proceed further.

Similarly, "a state prisoner who is proceeding under § 2241 must obtain a COA under § 2253(c)(1)(A) in order to challenge process issued by a state court." *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). Thus, to the extent Mr. Wilburn challenges "process issued by a state court," the Court recommends that he also not be issued a COA with respect to a § 2241 petition.

Mr. Wilburn should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

### CONCLUSION

The Court recommends DENYING the habeas petition, whether reviewed under 28 U.S.C. § 2241 or § 2254, and DISMISSING this matter with prejudice for lack of subject-matter jurisdiction and, alternatively, without prejudice for failure to exhaust state-court remedies. The Court recommends STRIKING the IFP application (Dkt. 8) as moot. The Court

1 also recommends DENYING the issuance of a certificate of appealability with respect to a

2 § 2254 habeas petition and to the extent it is required for a § 2241 habeas petition.

3 DATED this 17th day of October, 2011.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge